People v C.A. (2025 NY Slip Op 51749(U))

[*1]

People v C.A.

2025 NY Slip Op 51749(U)

Decided on November 3, 2025

Youth Part, Erie County

Freedman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 3, 2025
Youth Part, Erie County

The People of the State of New York

against
C.A., AO.

Docket No. FYC-73308-25/001

Kurt Snuszka, Esq. (Assistant District Attorney)
Connor Dougherty, Esq. (for Principal C.A.)

Brenda M. Freedman, J.

The People having moved pursuant to Criminal Procedure Law, Article 722, § 722.23(1), et seq. for an order preventing removal of this action to the juvenile delinquency part of Erie County Family Court, and upon reading the Notice of Motion and Supporting Affidavit of Kurt Snuszka, Esq. (Assistant District Attorney), dated October 7, 2025; the Response to the People's Motion Opposing the Removal to Family Court, dated October 14, 2025, having been filed by Connor C. Dougherty, Esq., on behalf of AO C.A.; the ADA having reserved the right to a hearing on the facts alleged in support of the People's Motion; and due deliberation having been had, the Court finds the following:
Procedural History
AO C.A. is charged under FYC-73308-25/001 with Criminal Possession of Stolen Property in the Fourth Degree, a class D felony contrary to Penal Law § 165.45(1).
On September 10, 2025, this Court arraigned AO C.A. A six-day reading was not required under CPL § 722.23(2)(a). The People indicated that they would make a motion under CPL § 722.23(1) requesting that this matter not be removed to Family Court. This Court issued a Scheduling Order. The People's Motion was due October 8, 2025, AO C.A.'s responsive papers were due on October 15, 2025, and a decision on motion was scheduled on November 3, 2025.

 Findings of Fact
It is alleged that on August 13, 2025, the victim parked his E-bike outside of a restaurant and went inside the establishment. The victim's cell phone was secured to his E-bike and was GPS enabled. The victim observed a black male, later identified as AO C.A., take his E-bike from outside the restaurant and leave. Because the GPS tracker was enabled on the victim's phone, he was able to locate the E-bike at an apartment building with assistance from a tenant who resided in that building. The victim retrieved his E-bike, but it was damaged, and his phone was missing.
At no time did the owner of the stolen E-bike give anyone else permission to operate, ride in, or otherwise exercise control over the E-bike.

Conclusions of Law
The Raise the Age Law defines a 16-year-old or 17-year-old person who was charged with a felony as an "adolescent offender" (CPL § 1.20 [44]; see Penal Law § 30.00 [1], [3] [a]). Following arraignment, the Youth Part shall order the removal of an Adolescent Offender matter to Family Court unless, within thirty calendar days of arraignment, the prosecutor moves to prevent the removal of the action to Family Court and establishes that extraordinary circumstances exist. CPL § 722.23(1)(a), (d).
The term "extraordinary circumstances" is not defined in the Raise the Age Law. People v. Guerrero, 235 AD3d 1276, 1276 (4th Dept., 2025). "The legislative history for CPL § 722.23 reveals that, in making an extraordinary circumstances determination, courts should 'look at all the circumstances of the case, as well as ... all of the circumstances of the young person,' including both mitigating and aggravating factors." NY Assembly Debate on 2017 NY Assembly Bill A3009C, April 8, 2017 at 39; see id. at 40, 65); see also, People v. Guerrero, supra. The legislative history further provides that "the People would satisfy the 'extraordinary circumstances' standard where 'highly unusual and heinous facts are proven and there is strong proof that the young person is not amenable or would not benefit in any way from the heightened services in the family court.'" See, People v T.P., 73 Misc 3d 1215(A) (Nassau County Ct 2021).
The People argue that this matter should not be transferred to Family Court because the facts are extraordinary, and AO C.A. has a history in Youth Part. AO C.A. contends that the facts of this case are not especially cruel and heinous, as he did not harm anyone or engage in any reckless or violent behavior. He asserts that he was not a leader of criminal activity, and he did not commit a series of crimes over a series of days. Further, AO C.A. alleges that his actions do not rise to the level of "especially cruel or heinous."
After considering the People's Motion and AO C.A.'s responsive papers and accounting for all the circumstances of this case and this young person, this Court finds that extraordinary circumstances do not exist to prevent removal of this case. As part of this analysis, this Court must evaluate whether AO C.A. would be amenable to or would benefit from further services provided by Family Court if this matter was removed. The People are correct in asserting that AO C.A. has a history in Youth Part. On January 26, 2025, he was charged with stealing $6,042 of fragrances from a department store. This Court referred AO C.A. to a Restorative Justice [*2]Program. He successfully completed the program, and the case was dismissed on motion by the People on May 21, 2025. In April 2025, charges were filed with this Court alleging that AO C.A. stole expensive fragrances from another department store on December 2, 2024, December 14, 2024, and December 21, 2024. That matter was removed to Family Court on May 21, 2025.
Despite AO C.A.'s history in Youth Part, this Court finds that extraordinary circumstances are not present. The facts here are not highly unusual or heinous. AO C.A. stole a bike and a cell phone. He did not brandish a deadly weapon. He did not injure anyone. He did not lead other individuals in the commission of this crime; he acted alone. AO C.A. admits that he might have mental health issues, but prior attempts to address same have been unsuccessful. The intensive services provided in Family Court would be better suited to address AO C.A.'s mental health needs, especially if Family Court orders him to placement as he suggests is possible.
New York State Assembly members debating the Raise the Age legislation indicated that the extraordinary circumstances requirement was intended to be a "high standard" for the District Attorney to meet, and denials of transfers to Family Court "should be extremely rare". NY Assembly Debate on Assembly Bill A03009C, Part WWW, at 39, April 8, 2017; see also, People v S.J., 72 Misc 3d 196 (Fam Ct 2021). After examining all the circumstances of this case and this youth, this Court finds that extraordinary circumstances do not exist to prevent the transfer of this action to Family Court. This is not the rare case that should remain in Youth Part. The People did not meet their burden to prevent removal of this action to Family Court. This constitutes the opinion, decision, and order of this Court.
SO ORDERED.
ENTER,
HON. BRENDA M. FREEDMAN